TORPY, J.
In this drug possession case, Appellant challenges the lower court’s order that denied his motion to suppress a small amount of cocaine found in his pocket during the execution of a search warrant for the residence in which he was a temporary guest. The lower court[1] concluded that Appellant lacked standing to challenge the search warrant and denied the motion to suppress *884 without addressing the merits of Appellant’s argument. We reverse.
Although Appellant might have lacked standing to challenge the search of the premises, he clearly had a reasonable expectation of privacy in his own pocket. Therefore, the lower court erred in its conclusion that standing was not established. See Hicks v. State, 852 So.2d 954, 960 (Fla. 5th DCA 2003).
Because the lower court never addressed the merits of Appellant’s argument that the warrant was predicated on intentionally false, material statements in the affidavit, and because the judge who heard the testimony on this issue is no longer assigned to this case, we remand this cause for a new hearing to address the merits of Appellant’s claim. See Thorp v. State, 777 So.2d 385 (Fla.2000).
REVERSED and REMANDED.
GRIFFIN and PALMER, JJ., concur.

. The motion to suppress was denied by Judge Alva’s predecessor. Judge Alva accepted his negotiated plea. The state stipulated that the motion to suppress is dispositive.